UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD J. MURRAY | CIVIL ACTION NO. 06-1143 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| UNITED STATES, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is the Defendants' motion to dismiss on the grounds of res judicata, **Doc. #11.**

Plaintiff continues to attempt to pursue claims which have been fully litigated and appealed.

In January 2005, Judge F. A. Little, Jr. signed a judgment dismissing plaintiff's case number 4-1233 with prejudice, as all remaining claims had been denied [doc. # 51]. Thereafter, plaintiff appealed but the appeal was dismissed by the court of appeal for want of prosecution. Plaintiff is now attempting to re-litigate those same claims by first returning to the administrative body which has again denied his claims, and now filing this lawsuit.

This action is barred by the doctrine of res judicata, that is, the matters sought to be litigated here have been litigated to final judgment. Plaintiff has, as pointed out by the government, had his day in court on these claims.

Res judicata bars an action if: both parties are identical, the judgment in the first action is rendered by a court of competent jurisdiction, the first case concluded with a final

judgment, and the same claim or cause of action is involved in both suits. <u>Ellis v. Amex Life Insurance Co.</u>, 211 F.3d 937 (5th Cir. 2000). Res judicata operates to bar even new claims provided they could have been brought in the original suit. <u>Lee v. City of San Antonio</u>, 2006 WL 2041051 (5th Cir. 2006).

The claims here are identical to those made in the earlier suit. Although the specific allegations here, as in the other suit, are somewhat indecipherable, it is clear what he complains about and in both cases it is the same. The parties are the same, the court had jurisdiction and a final judgment was rendered on the merits.

Plaintiff will not be permitted to continue to pursue claims that have been disposed of by this court. If he persists, a recommendation will be made that sanctions be imposed in the form of a substantial monetary fine. Judge Little had previously warned Murray that sanctions would be ordered if he persisted in his efforts. [See docket number 4-1233, doc. 77, July 22, 2005].

Because plaintiff has fully and finally litigated his claims in this court, res judicata bars this action and dismissal is appropriate.

Therefore, IT IS RECOMMENDED that the government's motion to dismiss be GRANTED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 30TH DAY OF October, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3